(112 So. 517)

No. 28108.

## MOORE v. MOORE.

March 28, 1927.    Rehearing Denied April 25, 1927.

*(Syllabus by Editorial Staff.)*

1. **Divorce ☞98—Defendant in separation action by averment in answer, notwithstanding denial there, held to have admitted plaintiff's alleged establishment of matrimonial domicile.**

Defendant in action for separation from bed and board for abandonment, notwithstanding denial in her answer that plaintiff had established a matrimonial domicile at a certain place, by averring therein that she "at one time resided with plaintiff at that domicile with his said mother," admitted that plaintiff had established his matrimonial domicile there.

2. **Divorce ☞109—Defendant in action for separation held to have burden of proof as to mistreatment at matrimonial domicile.**

Averments of answer, in action for separation from bed and board for abandonment, as to mistreatment of defendant at the matrimonial domicile, are matters of special defense, as to which defendant has the burden of proof.

3. **Divorce ☞133(1)—Judgment for separation for abandonment held supported by the evidence (Rev. Civ. Code, art. 145).**

Judgment for plaintiff, in action for separation from bed and board, in which abandonment was established as prescribed by Rev. Civ. Code, art. 145, *held* sufficiently supported by the documentary evidence.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Arthur D. Moore against Elenora Hampson Moore. Judgment for plaintiff, and defendant appeals. Affirmed.

Claude L. Johnson and Emmet Alpha, both of New Orleans, for appellant.

J. K. Bailey, of New Orleans, for appellee.

LAND, J.    Plaintiff brought the present suit against defendant to obtain a judgment of separation a mensa et thoro, on the ground that defendant had abandoned petitioner, and had not returned to him since at the established matrimonial domicile, 8820 Poplar street, in the city of New Orleans.

Defendant denies in her answer that she abandoned petitioner, and that he had established a matrimonial domicile at 8820 Poplar street.

Defendant "avers that the said address is the matrimonial domicile of plaintiff's mother, and that your defendant at one time resided with plaintiff at that domicile with his said mother, and that defendant was mistreated and abused by plaintiff's mother in the said domicile, and that she is not called upon and required to follow the defendant to the domicile of his mother and there be further mistreated."

Plaintiff complied strictly with the law as to the issuance and service of the three reiterated summonses commanding defendant to return to the matrimonial domicile.

A preliminary judgment was also obtained ordering defendant to return, and three reiterated notifications of this judgment were served upon defendant.

The case was then assigned for trial.

On the day fixed for trial, counsel for defendant was present, but defendant and her witnesses were absent. No request for a continuance or postponement of the case was made. Plaintiff proceeded to prove up his case, and offered in evidence the petition, duly attested, the summonses, preliminary judgment, and notifications of judgment, with returns made thereon.

Judgment of separation was rendered in favor of plaintiff.

Defendant, without making any application for a new trial, has appealed the case to this court.

The sole issue presented here is whether plaintiff has made out his case.

The fact of abandonment was fully established in the manner prescribed by law. R. C. C. art. 145.

[1] The petition, which was sworn to, was offered in evidence by plaintiff to prove the

establishment of the matrimonial domicile. Defendant, by averring in her answer that she "at one time resided with plaintiff at that domicile with his said mother," admits that plaintiff had established his matrimonial domicile there, notwithstanding her denial of this fact in her answer. Defendant does not allege, nor has she attempted to prove, that plaintiff had any other matrimonial domicile than the one alleged to have been established by him, and in which they had lived together as husband and wife.

[2] The other averments made in defendant's answer as to mistreatment at the matrimonial domicile are matters of special defense, which she has failed to sustain by any evidence. The burden of proof as to such defense rests entirely upon defendant.

[3] The judgment appealed from is sufficiently supported by the evidence in the case.

Judgment affirmed.